

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 30, 2017 Session

## M.H.L. ET AL. v. BOYS AND GIRLS CLUB OF GREATER KINGSPORT, INC. ET AL.

### Appeal from the Circuit Court for Sullivan County
No. C40820(M)      John S. McLellan, III, Judge

_____

### No. E2017-00024-COA-R3-CV

_____

The plaintiffs, Michael Lambert and Pamela Lambert, on behalf of themselves and their minor child, M.H.L. (collectively, "Plaintiffs"), seek to appeal from an order granting summary judgment in favor of the defendant, City of Kingsport, Tennessee ("the City"), on Plaintiffs' claims against the City in this negligence case arising out of injuries sustained by the minor plaintiff while participating in a youth basketball program. In their complaint, Plaintiffs asserted claims against not only the City, the entity who ran the youth basketball program, but also against the defendant, Boys and Girls Club of Greater Kingsport, Inc. ("the Boys and Girls Club"), which owned and managed the property used by the youth basketball program. The order from which Plaintiffs seek to appeal resolves only the claim against the City, leaving unresolved the claim against the Boys and Girls Club. As a result, we lack jurisdiction to consider this appeal. The appeal is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Thomas C. Jessee, Johnson City, Tennessee, for the appellants.

Steven C. Rose, Kingsport, Tennessee, for the appellee, City of Kingsport, Tennessee.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission to determine whether the Court had subject matter jurisdiction to hear this appeal. After determining that Plainiffs' claim against the Boys and Girls Club remains unresolved and that the Trial Court did not "direct entry of a final judgment" as to the resolved claim against the City "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," Tenn. R. Civ. P. 54.02, the Court directed Plaintiffs to show cause why this appeal should not be dismissed as premature. Counsel for Plaintiffs has filed a response to the show cause order acknowledging that the order on review fails to adjudicate all claims in the proceedings below. Counsel asserts that Plaintiffs "should be permitted to pursue their claims against both defendants at trial," and asks this Court to allow Plaintiffs "to pursue an interlocutory appeal" of the order on review pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure in the event it is determined that an appeal as of right is not permitted from the order pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, counsel has not requested a suspension of the requirements of the Rule 3(a). *See id.* (noting that "there must be a good reason for suspension").[2] Instead, counsel appears to be requesting a suspension of all of the procedural requirements of Rule 9(b), (c), and (d), relative to the taking of an interlocutory appeal, which we decline to do.

---

shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]We note that the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Accordingly, because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to Plaintiffs, and their surety, for which execution may issue if necessary.

**PER CURIAM**